[32 NE3d 390, 10 NYS3d 175]

In the Matter of P. David Soares, as District Attorney of Albany County, Respondent, v William A. Carter, as Judge of the City Court of Albany, Appellant, and Colin Donnaruma et al., Respondents.

Argued March 23, 2015; decided May 7, 2015

APPEARANCES OF COUNSEL

*E. Stewart Jones, PLLC*, Troy (*James C. Knox* of counsel), for appellant.

*P. David Soares, District Attorney*, Albany (*Christopher D. Horn* and *Vincent Stark* of counsel), for P. David Soares, respondent.

*Law Office of Mark S. Mishler, P.C.*, Albany (*Mark S. Mishler* of counsel), and *Kindlon Shanks & Associates*, Albany (*Kathy Manley* of counsel), for Colin Donnaruma and others, respondents.

*Frank A. Sedita, III, Morrie I. Kleinbart* and *Tammy J. Smiley* for District Attorneys Association of the State of New York, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs.

The underlying prosecution in this matter stems from defendants' participation in protest demonstrations in the City of Albany in support of the Occupy Movement. Defendants were arrested and charged with disorderly conduct. In addition, one of the defendants was charged with resisting arrest. The Albany County District Attorney offered each defendant a six-month adjournment in contemplation of dismissal. City Court refused to accept the pleas unless they were combined with a requirement of community service. Defendants rejected that condition.

The People then sent a letter to the court indicating that they had decided to discontinue prosecuting defendants' cases. Defendants moved to dismiss the charges against them based in part upon the People's letter. The court denied defendants' motions to dismiss, holding that the People had not complied with the proper procedures for terminating a case under the Criminal Procedure Law, and that if the People "fail[ed] to appear at the next scheduled court date, th[e] court may be forced to utilize one of the few available options left to it under these

circumstances, including, but not limited to, its contempt powers." *

The People sent a second letter to the court reiterating that, although they would be present at any scheduled court dates, they would not call any witnesses. During a scheduled suppression hearing, the People informed the court that they had no witnesses to call; to which the Judge responded that the People had no witnesses to call because they refused to call them and were thereby willfully refusing to participate. The Judge again noted that he could use the court's contempt powers if the People continued to refuse to participate. The District Attorney then commenced this CPLR article 78 proceeding. Supreme Court granted the District Attorney's request for a writ in the nature of prohibition, only to the extent of enjoining the Judge from enforcing his orders compelling the People to call witnesses or offer proof (41 Misc 3d 195 [2013]). The Appellate Division affirmed Supreme Court's grant of the narrowly tailored writ (113 AD3d 993 [2014]), and we agree.

"Prohibition is available to restrain an inferior court or Judge from exceeding its or his [or her] powers in a proceeding over which the court has jurisdiction" (*La Rocca v Lane*, 37 NY2d 575, 577 [1975], *cert denied* 424 US 968 [1976]; *see Matter of Lee v County Ct. of Erie County*, 27 NY2d 432, 437 [1971], *cert denied* 404 US 823 [1971]). To demonstrate a clear legal right to the extraordinary writ of prohibition, a petitioner is required to show that the challenged action was "in reality so serious an excess of power incontrovertibly justifying and requiring summary correction" (*La Rocca*, 37 NY2d at 580).

"The concept of the separation of powers is the bedrock of the system of government adopted by this State in establishing three coordinate and coequal branches of government, each charged with performing particular functions" (*Matter of Maron v Silver*, 14 NY3d 230, 258 [2010]). Under the doctrine of separation of powers, courts lack the authority to compel the prosecution of criminal actions (*see Matter of Cantwell v Ryan*, 3 NY3d 626, 628 [2004]). Such a right is solely within the broad authority and discretion of the district attorney's executive power to conduct all phases of criminal prosecution (*see* County Law § 700 [1]; *People v Cajigas*, 19 NY3d 697, 703 [2012]).

---

* The People indicated that they chose not to move to dismiss the charges pursuant to Criminal Procedure Law § 170.40 (1), because in their view the Judge would likely deny the motion.

The courts below correctly determined that a trial court cannot order the People to call witnesses at a suppression hearing or enforce such a directive through its contempt powers. Any attempt by the Judge here to compel prosecution through the use of his contempt power exceeded his jurisdictional authority. It is within the sole discretion of each district attorney's executive power to orchestrate the prosecution of those who violate the criminal laws of this state (*see* County Law § 700 [1]; *see also* NY Const, art XIII, § 13). Where the court assumes the role of the district attorney by compelling prosecution, it has acted beyond its jurisdiction. Thus, issuance of a writ here to preclude a limited ultra vires act was appropriate. Contrary to the Judge's argument, the writ does not prohibit him from exercising his general contempt powers to enforce lawful orders or ensure the District Attorney's compliance with the Criminal Procedure Law. Rather, the writ is limited to prohibiting him from requiring the People to pursue prosecution, namely by calling witnesses or putting on proof at the suppression hearing. Consequently, the courts below properly granted the writ.

Chief Judge LIPPMAN and Judges READ, PIGOTT, RIVERA, ABDUS-SALAAM and FAHEY concur; Judge STEIN taking no part.

Order affirmed, without costs, in a memorandum.